DEVIN DERHAM-BURK, #104353
CHAPTER 13 STANDING TRUSTEE
DEVIN L. PACE, ESQ. #256514
NANETTE DUMAS, ESQ. #148261
JANE Z. BOHRER, ESQ. #243692
P.O. BOX 50013
SAN JOSE, CA 95150-0013
TELEPHONE: (408) 354-4413
FACSIMILE: (408) 354-5513

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA - DIVISION 5

| | |
|---|---|
| IN RE:<br><br>AGUSTIN ZARATE,<br><br><br>Debtor. | CHAPTER 13 CASE NO. 12-58753 ASW<br><br>MOTION TO DISMISS<br>BY CHAPTER 13 TRUSTEE<br><br>Hearing Date: September 16, 2013<br>Hearing Time: 2:15 p.m.<br>Judge: Hon. Arthur S. Weissbrodt<br>Place: 280 S. First Street, Courtroom 3020<br>       San Jose, CA 95113 |

    Devin Derham-Burk, the Chapter 13 Standing Trustee (the "Trustee"), hereby moves the Court for an order dismissing this case for cause pursuant to 11 U.S.C. §§ 109(h)(1) and 1307(c). The Trustee requests the Court to take judicial notice of its files and records in this case. Fed. R. Evid. 201, made applicable to bankruptcy proceedings pursuant to Fed. R. Bankr. P. 9017.

    The above-captioned debtor (the "Debtor") filed this voluntary Chapter 13 case pro se on December 11, 2012 [Docket #1].

    The Bankruptcy Abuse Prevention And Consumer Protection Act of 2005 added the following provision to the definition of who may be a debtor under Title 11:

    [A]n individual may not be a debtor under this title unless such individual has, during the 180-day period preceding the date of filing of the petition by such

ZARATE, 12-58753 ASW          MOTION TO DISMISS 1 of 3

Case: 12-58753   Doc# 28   Filed: 08/19/13   Entered: 08/19/13 15:10:43   Page 1 of 3

individual, received from an approved nonprofit budget and credit counseling agency described in section 111(a) an individual or group briefing (including a briefing conducted by telephone or on the Internet) that outlined the opportunities for available credit counseling and assisted such individual in performing a related budget analysis.

11 U.S.C. §109(h)(1) (AWHFY, L.P. 2013).

Section 521(b) of the Bankruptcy Code provides that "a debtor who is an individual shall file with the court – (1) a certificate from [an] approved nonprofit budget and credit counseling agency. . ." 11 U.S.C. § 521(b)(1) (AWHFY, L.P. 2013).

The Debtor filed an Exhibit D with his petition, certifying in paragraph #3 that he had been unable to obtain pre-petition credit counseling during the seven days from the time that he made the request, and that an impending foreclosure sale scheduled for December 11, 2012 merited a temporary waiver of the credit counseling requirement [Docket #1]. However, the Court's docket indicates that the Debtor never filed a certificate of credit counseling as required by section 521(b), nor did he he filed a motion for temporary waiver of the requirement to obtain credit counseling pursuant to 11 U.S.C. §109(h)(3). Section 109(h)(3) provides in pertinent part:

> (B) [I]n no case may the exemption [i.e., a temporary waiver of the credit counseling requirement] apply to that debtor after the date that is 30 days after the debtor files a petition, except that the court, for cause, may order an additional 15 days.

11 U.S.C. § 109(h)(3)(B) (AWHFY, L.P. 2013).

Thus, in the absence of a waiver, failure to obtain pre-petition credit counseling renders an individual ineligible to be a debtor pursuant to 11 U.S.C. §109(h) and constitutes cause for dismissal of the case. See generally In re Cannon, 376 B.R. 847 (Bankr. M.D. Tenn. 2006). This case was filed on December 11, 2012, so the Debtor's case has been pending well beyond the 30 to 45 day time frame in which he could have requested a temporary waiver of the requirement. Therefore, this Debtor's failure to obtain pre-petition credit counseling or a

temporary waiver of the requirement by the Court constitutes cause for dismissal pursuant to section 109(h).

In addition, 11 U.S.C. § 1307(c) provides that the Trustee or any party in interest may file a motion to dismiss a Chapter 13 case for cause, including but not limited to the grounds specifically enumerated in subsection (c). The Debtor's failure to obtain credit counseling constitutes "cause" for dismissal pursuant to section 1307(c) based on her ineligibility to be a debtor. See In re Ingram, 460 B.R. 904 (6th Cir. B.A.P. 2011). Further, the Trustee has filed a Second Amended Objection to Confirmation [Docket #27] based on various grounds, including the Debtor's failure to provide proof of credit counseling.

The Trustee notes that the Debtor did not obtain counsel for almost five months after this case was filed. Denise M. Zingale of the Capital Law Offices ("Counsel") substituted into this case as counsel of record on May 3, 2013 [Docket #24]. Counsel has never filed a Rule 2016(b) Statement, however, and it appears from the docket that Counsel has provided no services to the Debtor except for two brief appearances at continued § 341 meetings.

WHEREFORE, Devin Derham-Burk, the Standing Chapter 13 Trustee, respectfully requests the Court to dismiss this case for cause and based on the Debtor's ineligibility to be a debtor, but further requests the Court to retain jurisdiction over this case for the limited purpose of ordering Counsel to file a Rule 2016(b) Statement and, if the facts so warrant, to hear a motion for review of Counsel's fees.

Dated: August 16, 2013                     Respectfully submitted,


                                           /s/ Nanette Dumas_____
                                           Attorney for the Chapter 13 Trustee